# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| George D. Gates,<br>    Petitioner,<br><br>v.<br><br>United States Parole Commission,<br>    Respondent. | 1:08cv779 (LO/TCB) |

## MEMORANDUM OPINION

George D. Gates, a federal inmate housed in Virginia and proceeding pro se, has filed a petition for a writ of mandamus, pursuant to 28 U.S.C. § 1361, seeking to compel respondent United States Parole Commission ("the Commission") to afford him an immediate parole revocation hearing. On October 7, 2008, respondent filed a response in opposition to the petition, arguing that petitioner is not entitled to the writ of mandamus he seeks, and that his request at any rate has been rendered moot by intervening events. For the following reasons, petitioner has failed to establish any of the requirements for the drastic remedy of a writ of mandamus, and his claim is now moot, so this action accordingly will be dismissed.

### I. Background

On February 21, 1985, petitioner was sentenced by the United States District Court for the District of Columbia to serve thirty (30) years in prison for drug offenses; the sentence later was reduced to twenty (20) years. Resp. Ex. A. The Commission paroled Gates from his sentence on October 12, 1993, with the condition that he remain under parole supervision until January 12, 2005. Resp. Ex. B.

On September 23, 1998, petitioner was arrested on new federal drug charges. He was released on bond on September 30, 1998. Resp. Ex. C. On November 24, 1998, the Commission issued a warrant charging petitioner with several violations of his parole stemming from his new arrest. Resp. Ex. D. In pertinent part, the Commission explicitly instructed the United States Marshals "not [to] execute the warrant if the parolee is released on bond." Resp. Ex. E. Petitioner eventually was taken into custody at his home in Maryland on October 27, 1999, Pet. at 5, and despite the Commission's instructions, some confusion exists as to whether the arrest was made pursuant to the Commission's parole violator warrant in addition to an arrest warrant issued by the District Court for the Southern District of New York in July, 1999.[1]

Gates was transferred from Maryland to the Southern District of New York on November 17, 1999, where he was given a detention hearing and ordered detained. Following his conviction for conspiracy to distribute cocaine, petitioner was sentenced on March 19, 2001, to serve 120 months in prison followed by a period of supervised release of eight (8) years. Resp. Ex. A at 2. Petitioner received jail credit towards his sentence from September 23 through September 30, 1998, and from October 27, 1999 through March 18, 2001. Id. at 3. On October 18, 2001, the Commission supplemented its parole violator warrant to reflect this new conviction, and the warrant was lodged as a detainer against Gates while he completed service of his new sentence. Resp. Ex. H-I.

On July 4, 2008, Gates completed the service of his new sentence, and the Commission's warrant was executed by the Bureau of Prisons. Resp. Ex. A at 3-4; Ex. N. A revocation hearing was conducted on September 2, 2008, and on September 7, 2008, the Commission revoked Gates' parole,

---

[1]The record reflects that the Marshals arrested Gates pursuant to both the Commission's warrant and that of the New York court. Resp. Att. 1. However, the Commission's official parole file for petitioner does not contain a return of the parole violator warrant by the Marshals, as is customary, so the inference arises that petitioner was arrested solely pursuant to the New York warrant.

2

forfeited all the time he spent on parole, and granted him reparole on November 17, 2008. Resp. Ex. G, O.

Records submitted by the Commission reflect that Gates twice before has raised the same claim he makes in this proceeding, that is, that the Commission had no authority to lodge a detainer warrant against him, and that its decision to schedule a parole revocation hearing only after he completed the service of the New York sentence violated his right to due process. In Gates v. DeRosa, Case No. 1:03cv6058-RBK (D.N.J. 2006)), Gates filed a petition for a writ of habeas corpus on January 24, 2004, claiming that the Commission's warrant was executed when he was arrested on October 27, 1999, and that he was entitled to a prompt parole revocation hearing thereafter. Resp. Ex. L. On February 28, 2006, the Court rejected that contention, finding that any purported execution of the parole violator warrant was contrary to the Commission's express instructions and therefore was invalid. The Court further held that the Commission's duty to conduct a revocation hearing had not yet been triggered, so Gates thus was not deprived of due process by the hearing's omission. Id. at 6. On November 15, 2006, the United States Court of Appeals for the Third Circuit affirmed that determination. Gates v. DeRosa, 206 Fed. Appx. 134 (3d Cir. 2006); Resp. Ex. M.

On December 3, 2008, Gates filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, reiterating the same claims he made in the District Court of New Jersey. Gates v. Stansberry, et al., 1:07cv1212 (GBL/TCB) (E. D. Va. 2008). The Court in that case found that the petition was successive pursuant to 28 U.S.C. § 2244(a), and dismissed it upon the holding that the "ends of justice" did not require further inquiry into Gates' case because he had failed to present any evidence of innocence. Id.

## II. Standard of Review

In this action, Gates seeks the issuance of a writ of mandamus to compel the respondent Commission to grant him an immediate parole revocation hearing based on the alleged violation of his right to due process in failing to schedule such a proceeding promptly after his arrest in October, 1999. Pet. at 21. Section 1361 provides "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is a drastic remedy, which should only be used in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). To establish that a writ of mandamus should issue, a petitioner must demonstrate "(1) a clear right on the part of the petitioner to the relief sought, (2) a clear duty on the part of the respondent to do the act in question, and (3) no other adequate remedy available to petitioner." Proffitt v. United States, 758 F. Supp. 342, 348 (E.D. Va. 1990).

## III. Analysis

At this juncture it is readily apparent that petitioner is not entitled to the relief he seeks, for two reasons. First, petitioner has made no showing that the extraordinary remedy of mandamus is appropriate in this case. Petitioner's theory hinges on the contention that his arrest on October 27, 1999, was due at least in part to execution of the Commission's parole violator warrant, so that the Commission became obligated at that time to schedule a prompt parole revocation hearing. See Morrissey v. Brewer, 408 U.S. 471, 485 (1972) (taking parolee into custody triggers right to revocation proceeding). However, the record does not support that assumption. As noted, see n. 1, supra, the Commission's official parole file for Gates contains neither a copy of a return of the

Commission's warrant nor any other notification by the Marshals Service or the Bureau of Prisons that the warrant was executed. Resp. Att. 2. The absence of the notification that typically is provided to the Commission when a warrant is executed would appear to belie Gates' unsupported conclusion that the parole violator warrant was executed on October 27, 1999, and instead raises the clear inference that the warrant remained lodged as a detainer until Gates was released from custody on his new sentence on July 4, 2008. Moreover, even if the parole violator warrant in fact was executed simultaneously with the New York arrest warrant on October 27, 1999, that action was taken in direct contravention of the Commission's instructions that its warrant was not to be executed if the "parolee is released on bond [or] ... if a criminal arrest warrant has been issued for parolee," Resp. Ex. E, because Gates at that juncture was both a releasee on bond and the subject of a criminal arrest warrant. Therefore, if it did occur, execution of the Commission's warrant in 1999 as a matter of law was void and ineffective. Sinclair v. Henman, 986 F.2d 407 (10th Cir. 1993), cert. denied, 510 U.S. 842 (1993) (parole violation warrant executed by mistake was not validly executed, so requirement that parole violator hearing be held within 60 days was eliminated); Chandler v. Barncastle, 919 F.2d 23 (5th Cir. 1990) (execution of parole violator warrant contrary to Commission's instructions is not valid); McConnell v. Martin, 896 F.2d 441 (10th Cir. 1990), cert. denied, 498 U.S. 861 (1990) (parole violator warrant executed contrary to Commission's specific instructions was not valid and could be withdrawn). Under such circumstances, Gates had no entitlement to an immediate revocation hearing, Moody v. Daggett, 429 U.S. 78, 89 (1976) (parolee serving additional term of imprisonment for offense committed while on parole is entitled to revocation hearing only after he completes service of the new term and is taken into custody on parole violator warrant), and he therefore can show none of the criteria necessary for a writ of mandamus to issue. Cf. Proffitt, 758

F. Supp. at 348. Accordingly, his claim is without merit is subject to dismissal on that basis.

Moreover, even were that not so, Gates is not entitled to relief for a second reason, that is because his claim was rendered moot when he was provided a parole revocation hearing on September 2, 2008. A claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). When changes occur during the course of litigation which eliminate the claimant's interest in its outcome, the case must be dismissed as moot. Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002). Specifically, when a claimant subsequently receives the relief he sought when he brought his claim, the claim is moot. Id. Since the petitioner in this case has received the parole revocation hearing he sought as relief when he initiated this action, his claim has been rendered moot.

### IV. Conclusion

For the foregoing reasons, the petition will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 16th day of April 2009.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge